Gulf, Colorado & Santa Fe Railway Company v. C. E. Newman.

Decided October 21, 1901.

**1.—Master and Servant—Negligence—Warning Servant of Danger.**

Where one employed as fireman of a stationary engine, and ignorant of the manner of operating it, as well as of the attendant danger, was directed by the foreman, who knew of his inexperience, to take charge of the engine and run it, the failure of the foreman to warn him of the danger was negligence such as rendered the master liable for injuries resulting therefrom.

**2.—Same—Assumed Risk.**

A servant directed to perform work out of his regular employment and more hazardous, does not assume the risk.

**3.—Same—Contributory Negligence.**

See the opinion for evidence under which it was held that the danger of starting an engine by using a rod to lift off the balance wheel was not so apparent as that the action of plaintiff, a fireman, in so starting the engine, was contributory negligence under all the circumstances.

Appeal from Johnson. Tried below before Hon. William Poindexter.

*Ramsey & Odell* and *J. W. Terry,* for appellant.

*J. A. Stamford* and *D. M. Watkins,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted by the appellee in the District Court of Johnson County to recover damages for personal injuries alleged to have been sustained by him while operating a stationary engine for appellant in its shops at Cleburne. A trial resulted in a verdict for the plaintiff, and defendant has appealed.

Appellant's first, second, third and fourth assignments of error are grouped, and thereunder it is contended that the trial court erred in not granting defendant's motion for a new trial, for that the verdict is contrary to the evidence, in that the evidence showed that plaintiff had been in and about said engine for about one year before the date of said injuries; that he had seen other employes about said engine and knew the method of starting the same, and had himself at various times been in charge of the same, running and operating the same, and was advised of such dangers as existed in attending and operating said machinery; that there is no evidence that the agents and servants of defendant having control of said engine had any reason to believe, or did believe,, that he stood in need of any instructions or warning with respect to the method of operating said machinery.

The evidence showed that about 10 o'clock at night of June 14, 1900, while appellee was operating a stationary engine, for the purpose of pumping water to be used in appellant's engines at its shops in Cleburne, he found upon an examination that the tank into which the water was being pumped was full, and he thereupon shut down the engine. About 12 o'clock he made another examination and ascertained that the water in the tank was getting low, and he concluded to start up the engine. For this purpose he took a piece of steam pipe about two inches in diameter and four feet long, and put it through the spokes of the drive wheel on the foundation and attempted to lift the wheel off its balance. When he moved it off its balance the wheel began to revolve very rapidly, and before he could get the rod out it caught in the spokes and knocked him down, causing the injuries complained of. The starting of the engine in this manner with the rod was dangerous. The safe and proper way to start the engine was to let the air and steam out of the cylinder, and then turn on the steam. Plaintiff had been firing the boilers connected with said engine for about one year prior to the injury. It was shown that the boilers were separate and distinct from the engine, and that plaintiff was instructed to keep away from the engine and have nothing to do with it, and he says he obeyed these instructions. His duty as fireman was to shovel coal into the furnace. Theodore Homburg was the foreman in charge of the engine house. On the afternoon of June 14, 1900, plaintiff was told by Homburg he would have to take charge of the engine that night; he protested and told Homburg that he did not want the job and knew nothing about running the engine.

Homburg replied that Mr. Laudner, the general foreman of the shops, had said that plaintiff would have to take charge of the engine or leave the service of the company. Homburg did not instruct plaintiff how to run the engine, or warn him of the danger. The evidence shows that the iron bar was kept in the engine room and frequently used for the purpose of lifting the balance wheel off its balance. Plaintiff had seen other employes start the engine by lifting the wheel off its balance with the rod. The plaintiff testified that the only way he knew how to start the engine was by lifting the wheel off the balance with the rod in the way adopted by him; that he had never been warned of the danger of starting the engine in this manner, and was ignorant of the danger. He also stated that he was ignorant of the mechanism of an engine, and did not know that when the steam was turned into an engine it remained there, but supposed that it escaped in pipes underneath the engine. The evidence as to whether or not appellee had been warned of the danger attending the starting of the engine with the rod is conflicting.

It was shown that during the month of March previous to the injury appellee had charge of the engine for five nights. He testified that the engine was not shut down during the time he operated it in March, and that he never had occasion to start the engine until the time he was injured. In this connection the court charged the jury as follows: "If at the time plaintiff was employed by the agents of the defendant company to operate the engine and drive wheel thereof in question, he was ignorant of the duties of such position and the dangers incident thereto, and if such facts were known to the agent of defendant company who employed him, then it was the duty of such agent to have instructed plaintiff how to operate said engine and drive wheel, and to have warned him of the dangers incident to starting said drive wheel, and if such agent failed so to do, and if such failure was negligence on the part of said agent, and if plaintiff was thereby injured, and if such failure on the part of defendant's agent was the direct cause of such injury, and if plaintiff did not contribute thereto by some negligent acts as hereinafter explained, you will find for the plaintiff." This charge is assigned as error.

This charge is correct. Homburg, who was the foreman in charge of the engine room and who placed plaintiff in charge of the engine, knew plaintiff was inexperienced in its operation and ignorant of the dangers. Such being the case, he should have warned plaintiff of the danger. The operating of the engine was outside plaintiff's regular employment, and was more hazardous. In such case the servant does not assume the risk. Shearm. & Redf. on Neg., sec. 186a. The danger resulting from starting the wheel with the rod does not seem to have been apparent. The trial court properly left the question of negligence to the jury. Bonnet v. Railway, 89 Texas, 72.

We think the evidence is sufficient to justify the jury in concluding that it was dangerous to start the engine with the rod, and that appellee was ignorant of and had not been warned of such danger; that he was

ignorant of the manner of operating and starting the engine, and this was known to Homburg when he placed him in charge of the engine; that it was the duty of Homburg, the foreman in charge of the engine room, to have warned plaintiff of the danger in operating the engine, and to have instructed him as to the proper manner of starting it; that Homburg's failure to do his duty in these respects was negligence; that the railway is chargeable for such negligence; that such negligence was the proximate cause of the injury to plaintiff, and that he sustained damages in the amount found by the jury. Plaintiff was not guilty of contributory negligence.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*